VAN COTT, BAGLEY, CORNWALL & McCARTHY
John A. Snow (3025)
Spencer H. Reed (13338)
36 South State Street, Suite 1900
Post Office Box 45340
Salt Lake City, Utah 84111
Telephone: (801) 532-3333
Facsimile: (801) 534-0058
jsnow@vancott.com
sreed@vancott.com

*Attorneys for Plaintiff*

# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| THE UNITED STATES OF AMERICA FOR THE USE OF NABHOLZ CONSTRUCTION CORPORATION, d/b/a NABHOLZ INDUSTRIAL SERVICES, an Arkansas corporation,<br><br>Plaintiff,<br><br>vs.<br><br>OKLAND CONSTRUCTION COMPANY, INC., a Utah corporation, SAFECO INSURANCE COMPANY OF AMERICA, a Washington corporation, and THE MACTON CORPORATION, a Pennsylvania corporation,<br><br>Defendants. | **COMPLAINT**<br><br>Civil No.: 2:14cv00005-EJF<br><br>Magistrate Judge Evelyn J. Furse |

Plaintiff, The United States of America for the Use of Nabholz Construction Corporation, doing business as Nabholz Industrial Services, ("Nabholz" or "Plaintiff"), by and through the undersigned attorney, hereby files this Complaint and for its causes of action against the above-named defendants states as follows:

## I. PARTIES, JURISDICTION, AND VENUE

1. Nabholz is, and at all times herein pertinent was, a corporation duly organized and existing under the laws of the State of Arkansas, with its principal place of business located at 1160 Factory Street, Conway, Arkansas 72032, and is authorized to do business in Utah.

2. Defendant Okland Construction Company, Inc. (hereinafter referred to as "Okland" or "General Contractor") is, and at all times herein pertinent was, a corporation duly organized and existing under the laws of the State of Utah, with its principal place of business located at 1978 S. West Temple, Salt Lake City, Utah 84415. Okland's registered agent is J. Randall Okland, whose address is believed to be 1978 S. West Temple, Salt Lake City, Utah 84115.

3. Defendant The Macton Corporation (hereinafter referred to as "Macton") is, and at all times herein pertinent was, a corporation conducting business in the State of Utah, was organized and existing pursuant to the laws of the State of Pennsylvania, and maintained its principal office and place of business located at 116 Willenbrock Road, Oxford Connecticut 06478. Macton's registered agent is the Corporation Service Company, whose address is believed to be 2595 Interstate Drive, Suite 103, Harrisburg, Pennsylvania 17110.

4. Defendant SAFECO Insurance Company of America (hereinafter referred to as "SAFECO") is, and at all times herein pertinent was, a corporation organized and existing under and pursuant to the laws of the State of Washington, with its principal office and place of business located at 1001 4th Avenue, Suite 1700, Seattle, Washington 98154. SAFECO is engaged in the writing of, and is licensed to write, miscellaneous types of insurance, including surety bonds, within the State of Utah. SAFECO's registered agent is Corporation Service Company, whose address is believed to be 2180 S. 1300 E, Salt lake City, Utah 84106-2813.

5. This Court has jurisdiction to adjudicate these claims, as this action is brought under and pursuant to the Miller Act, 40 U.S.C. § 3131, *et seq.*, and there exists complete diversity of citizenship pursuant to 28 U.S.C. § 1332.

6. This action results from a construction contract performed at Hill Air Force Base, Utah, therefore venue is proper with this Court.

## II. GENERAL ALLEGATIONS

7. On or about May 27, 2010, Okland entered into Contract No. W91238-10-C-0023 (hereinafter referred to as "Prime Contract") with the United States of America, acting through the United States Army Corps of Engineers, Sacramento District (hereinafter referred to as "USACE") to construct the F-22 Radar Cross Section Test Facility, Hill Air Force Base, Utah (hereinafter referred to as "Project").

8. Before April 4, 2012, Okland entered into a contract (hereinafter referred to as "Subcontract") with Macton to provide and install, among other things, a turntable system for the Project.

9. On or about April 4, 2012, Macton entered into a purchase order with Nabholz (the "Purchase Order") whereby Nabholz agreed to furnish material, labor, equipment and incidentals required for the installation of the turntable system, priced on a time and material basis, together with the provision of certain rental equipment. A copy of the Purchase Order is attached hereto as Exhibit A and incorporated herein by this reference.

10. The Prime Contract required Okland to, and it did, furnish a payment bond to the USACE for the protection of all persons, including Nabholz, supplying labor, material and equipment in the prosecution of the work provided for in said Prime Contract for said Project. A copy of said payment bond is attached hereto as Exhibit B and is incorporated herein by this reference. Defendant SAFECO became the surety on said bond, and as such became obligated to pay Nabholz the sums due to Nabholz upon the failure and refusal of defendant Macton to do so. Defendant Okland as principal on said bond is jointly and severally obligated with SAFECO to pay Nabholz the sums due to Nabholz upon the failure and refusal of defendant Macton to do so.

11. During Nabholz's performance of the Purchase Order Macton ordered additional labor, material and equipment rental. The final contract price charged by Nabholz to Macton for said labor, materials, equipment, and all incidentals necessary thereto furnished by Nabholz for said Project, including extras, was of an agreed and fair and reasonable value of no less than $725,599.30. All labor, material, equipment and incidentals was fully and properly performed, furnished by Nabholz, and incorporated into the Project. A copy of Nabholz' invoices provided to Macton for the Project are attached hereto as Exhibit C and incorporated herein by this reference.

12. Of the total contract sum of no less than $725,599.30, $360,099.78 has been paid or otherwise credited, leaving a principal balance of no less than $365,499.52 due, unpaid, and owing to Nabholz by Macton.

13. The last of the materials, and all incidentals necessary thereto, furnished by Nabholz on the Project was performed and furnished with respect thereto by Nabholz on June 17, 2013. Interest became due and payable 30 days after Nabholz provided its invoices to Macton. On June 17, 2013, the account balance of no less than $365,499.52, together with accrued interest thereon, became due and payable in full to Nabholz by Macton.

14. Nabholz has made demand on Macton for payment of the said sum of no less than $365,499.52, plus interest, but Macton has failed and refused and continues to fail and refuse to pay the same and that balance, together with interest thereon, is still due to Nabholz by Macton.

15. All statutory and contractual prerequisites or conditions for this lawsuit have been satisfied in full.

## FIRST CLAIM FOR RELIEF - BREACH OF CONTRACT
### (Against Defendant Macton)

16. Nabholz incorporates by this reference as though fully set forth herein paragraphs 1 through 14 of its Complaint, stated above.

17. By reason of all aforesaid, Macton is in breach of contract.

18. Nabholz has been damaged by Macton's breach of contract in the principal sum of no less than $365,499.52.

19. As the sums due are and have been liquidated from and after the 30th day when the invoice payment was due, Nabholz is entitled to pre-judgment interest thereon at the statutory rate.

## SECOND CLAIM FOR RELIEF - QUANTUM MERUIT
### (Against Defendant Macton)

20. Nabholz incorporates by this reference as though fully set forth herein paragraphs 1 through 14 of its Complaint, stated above.

21. Macton requested Nabholz provide labor, material, equipment, and incidentals to install the turntable system for the Project.

22. Nabholz provided the labor, material, equipment, and incidentals to install the turntable system, as more fully set forth in the Purchase Order and changes thereto which are attached hereto as Exhibit A, and as evidenced by the invoices provided to Macton which are attached hereto as Exhibit C.

23. The fair and reasonable value of said materials and incidentals provided to Macton by Nabholz is the principal sum of no less than $725,599.30.

24. Macton has paid or otherwise been credited for $360,099.78 for the aforesaid materials and incidentals provided to Macton by Nabholz, leaving an unpaid balance due and owing of no less than $365,499.52.

25. Macton acknowledged and accepted such services, materials, rental equipment and incidentals under circumstances that would unjustly enrich Macton if it were not required to pay Nabholz the fair and reasonable value thereof.

26. As the sums due are and have been liquidated from and after 30 days when Macton received the invoices, Nabholz is entitled to pre-judgment interest thereon at the statutory rate.

27. By reason of all of the aforesaid, Nabholz is entitled to judgment against Macton in the principal sum of no less than $365,499.52, plus statutory pre-judgment interest thereon from and after 30 days after Nabholz submitted its invoices to Macton.

## THIRD CLAIM FOR RELIEF – ACTION UNDER MILLER ACT, 40 U.S.C. § 3133
**(Against Defendants SAFECO and Okland)**

28. Nabholz incorporates by this reference as though set forth fully herein the allegations contained in paragraphs 1 through 26 of the Complaint, above.

29. Pursuant to the terms of the bond, SAFECO, as surety, and Okland, as principal, are jointly and severally obligated to pay Nabholz the sums mentioned above, based upon the failure and refusal of Macton to make such payment.

30. Although Plaintiff has demanded, in writing, payment from SAFECO, Okland, and Macton within ninety (90) days of the date Plaintiff last furnished labor, equipment and/or material to the Project, SAFECO, Okland and/or Macton have failed and refused and continue to fail and refuse to pay any part thereof to Plaintiff.

## REQUEST FOR RELIEF

WHEREFORE, on its First Cause of Action, Nabholz requests judgment be entered in its favor and against Macton for the principal sum of no less than $365,499.52 with pre- and post-judgment interest thereon at the statutory rate, for its costs herein expended and for such other and further relief as the Court deems just and proper.

WHEREFORE, on its Second Cause of Action, Nabholz requests judgment be entered in its favor and against Macton in the principal sum of no less than $365,499.52, plus statutory pre-judgment and post-judgment interest thereon from and after 30 days from when Nabholz submitted its invoices to Macton, its costs and expenses herein incurred and for such other and further relief as the Court deems just and proper.

WHEREFORE, on its Third Cause of Action, Nabholz requests judgment be entered in its favor and against SAFECO and Okland in the amount of no less than $365,499.52, for interest at the statutory rate on said sum, for its costs incurred and for such other relief as the Court may deem just and proper.

WHEREFORE, on each and every cause of action, Nabholz requests judgment be entered in its favor and against Defendants Macton, SAFECO, and/or Okland for Nabholz's costs and fees as allowed by law and for such other relief as the Court deems just and proper.

DATED this 6th day of January, 2014.

VAN COTT, BAGLEY, CORNWALL & McCARTHY

_____
John A. Snow
Spencer H. Reed
*Attorneys for Plaintiff*